IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02861-BNB

JAMES ALLEN STANLEY,

Applicant,

v.

MARYLAND DISTRICT AND SUPERIOR COURTS, Worcester County,
WORCESTER COUNTY STATES ATTORNEY JOEL TODD,
WORCESTER COUNTY MD SHERIFF'S DEPARTMENT,
WELD COUNTY CO DISTRICT COURT,
WELD COUNTY CO SHERIFF'S DEPT., and
JEFFERSON COUNTY CO SHERIFF'S OFFICE,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 03 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, James Allen Stanley, is confined at the Jefferson County Detention Facility in Golden, Colorado. Mr. Stanley has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court must construe the application liberally because Mr. Stanley is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Stanley alleges that he is being held in the Jefferson County Detention Facility on an extradition hold for a criminal case in Worcester County, Maryland, regarding a bad check. He asserts that the judicial proceedings in Colorado relevant to his extradition are taking place in the Weld County District Court. It appears that a

governor's warrant authorizing Mr. Stanley's extradition already has issued because Mr. Stanley refers to such a warrant in the application.

Mr. Stanley asserts three claims in the habeas corpus application. He first claims that he is not guilty of the bad check charge and that Maryland officials refuse to acknowledge his arguments or assign counsel until he is extradited to Maryland. Mr. Stanley alleges in his second claim that extradition to Maryland would endanger his life because Worcester County sheriff's deputies fired upon his home in Maryland and have continued to harass him after he left Maryland. Mr. Stanley finally claims that his medical condition makes extradition dangerous and also would prevent him from being able to assist in his defense. As relief he asks that the extradition proceedings be terminated, a full investigation of all activities be conducted, and restraining orders be entered to protect him from Worcester County sheriff's deputies.

"Before a fugitive in custody is extradited to the demanding state, he may challenge the authority of the asylum state by seeking a federal writ of habeas corpus." *Gee v. Kansas*, 912 F.2d 414, 416 (10th Cir. 1990). However, "[o]nce extradition has been granted by the governor of the asylum state, the 'grant of extradition is prima facie evidence that the constitutional and statutory requirements [for extradition] have been met." *Id.* (quoting *Michigan v. Doran*, 439 U.S. 282, 289 (1978)). Therefore, the scope of judicial review in extradition proceedings "is limited to whether 1) the extradition documents are facially in order, 2) the petitioner demanded is charged with a crime, 3) the petitioner is the person named in the extradition request, and 4) the petitioner demanded is a fugitive from justice." *Id.* at 416-17.

Mr. Stanley does not raise any claim that falls within the limited scope of judicial

review permitted in extradition proceedings. Mr. Stanley's challenge to the validity of the bad check charge pending in Maryland must be raised in the Maryland criminal case. *See Doran*, 439 U.S. at 290. Mr. Stanley's claims that extradition would endanger his life, either because his medical condition requires special transportation accommodations or because he believes he will face further harassment at the hands of Worcester County sheriff's deputies after he is extradited to Maryland, also are not cognizable claims in this habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). Therefore, the instant action will be dismissed because Mr. Stanley does not assert any cognizable claim relevant to the ongoing extradition proceedings in the Weld County District Court. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __3rd__ day of _____December_____, 2010.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02861-BNB

James Allen Stanley
Prisoner No. 49343
Jefferson County Detention Facility
P.O. Box 16700
Golden, CO 80402

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/3/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk